The parties have stipulated in open court that any order entered by this court on any of the above three motions will be retroactive to June 24, 1997.
I. PLAINTIFF'S MOTION FOR PENDENTE LITE MODIFICATION, CODED 167
The motion for pendente lite modification is denied. The issues raised in that motion were litigated during the trial before this court. CT Page 7377
II. DEFENDANT'S MOTION FOR TERMINATION OR MODIFICATION OF ALIMONY, CODED 188
The defendant has filed this motion under § 46b-86
alleging that there has been a substantial change in circumstances since the date of the original dissolution of marriage on November 18, 1992. The threshold question before the court is whether there has been a substantial change in circumstances from November 19, 1992 to the present time. As of November, 1992, the defendant's gross weekly income from the Bedford Board of Education as a teacher was $1320.96, and his net weekly income was $894. His gross weekly income in his part-time job for Hoffman Fuel was $197.68 and a net weekly income of $149.81. His combined net weekly income was $1043.81. His current financial affidavit shows that his present gross weekly income from Hoffman Fuel is $396. The court finds that the gross weekly income is $413. The difference between the two represents a deduction from his gross weekly income towards a deferred compensation plan that he has. The court finds that his present net weekly income is $336. In addition, he is receiving unemployment compensation of $75 for a combined weekly income of $411 at the present time, as opposed to $1043.81 in November, 1992. As a result of the orders entered by this court dated June 4, 1997, the defendant received liquid assets of approximately $60,000, excluding the division of the New York Teachers' Plan, Chevron pension, and City of Danbury pension. At the present time, he has liquid assets of approximately $38,000, excluding the division of the three pension plans. In November of 1992, the plaintiff had a gross weekly income of $688.10 and net weekly income of $491.20. At the present time, she has gross weekly income of $805.70 and net weekly income of $580.88. The court has disallowed her deduction for deferred compensation, and union dues-United Way. As a result of orders entered by this court on June 4, 1997, the plaintiff received liquid assets totalling approximately $19,000. At the present time her liquid assets total approximately $36,000.
From all of the evidence presented, the court finds that there has been a substantial change in circumstances from November 19, 1997 to the present time. The principal change in circumstances arises as a result of the defendant's net weekly income being reduced from $1043.81 to $411.
This court has considered all of the provisions of §46b-82 and accordingly terminates alimony retroactive to June 24, CT Page 7378 1997. In the event the parties cannot agree as to what the amount of overpayment of alimony is by the defendant to the plaintiff and/or how that amount is to be repaid, then the matter will have to be set down for hearing upon proper motion made.
III. PLAINTIFF'S SUPPLEMENTAL MOTION TO MODIFY CODED 190
Plaintiff seeks by this motion to have any reduction in alimony from the current rate of $300 per week be held in abeyance until such time as she is actually receiving on a continuing basis her $1354 per month share of the defendant's New York Teachers' Pension as assigned to her in this court's memorandum of decision dated June 4, 1997.
That motion is denied for the following reasons. The court is aware that in the event an appeal is taken, then the property orders entered by this court which include the amount the plaintiff is to receive from the defendant's New York Teachers' Pension would be stayed under the provisions of Practice Book § 4046.
The question of whether or not to grant a stay of the periodic alimony order rests within the discretion of the court.
The reason for permitting a request for a stay of periodic alimony orders under § 4047 is to prevent any harsh implications on a payor before an appeal is decided. The trial court should attempt to balance the equities between the parties regarding their obligations as to support while the appeal is pending. The court can fairly resolve such an issue by a partial or a complete granting of a stay. Mulholland v. Mulholland,31 Conn. App. 214 (1992).
This court can therefore enter a stay of the alimony order that it has entered on this date by which alimony is terminated under § 4047 by using the test of balancing the equities between the parties regarding the termination of alimony order while any appeal is pending. This court can also terminate the automatic stay of property orders under § 4046 if the due administration of justice so requires. This court holds that in determining whether to stay the termination of alimony order entered on this date under § 4047 so as to continue the prior $300 weekly alimony order or to terminate the stay of either the order for the plaintiff to receive 38 percent of the defendant's pension and/or the order that the defendant pay to the plaintiff CT Page 7379 the $800 per month on the arrearage of $54,157.60 that the better procedure is for the court to exercise its discretion under § 4046 if such a motion is filed. Therefore, the plaintiff's supplemental motion to modify, coded 190, is denied.
Axelrod, J.